McCORD, Judge
(concurring specially).
I agree that upon adjudicating the five brothers and sisters to be dependent children and committing them to the Division of Family Services pursuant to Ch. 39, Florida Statutes, the Circuit Court had the power and authority to direct that they all be placed in the same foster home. § 39.02(4), Florida Statutes, provides:
“When jurisdiction of any child shall have been obtained, the court shall retain jurisdiction, unless relinquished by order, until the child reaches twenty-one years of age, . . .”
§ 39.001, Florida Statutes, lists, among other purposes of the chapter, the following:
“(3) To assure that a child removed from the control of the child’s parent shall receive care, custody, and discipline as nearly as possible equivalent to that which should have been given to the child by the parent and, in all cases in which a child must be permanently removed from the custody of his parents, that the child be placed in an approved family home and be made a member of the family by adoption
* % % ‡ *
“It is the expressed intent of the legislature that this chapter be liberally interpreted and construed in conformity with its declared purposes.”
Keeping a family unit of children together is certainly a desired goal in carrying out the expressed intent of the chapter. Under normal circumstances, they would be *80 raised by a parent as a family group. Should circumstances arise which would render such a restriction detrimental to the children or should it develop that a foster home is not available to take such a large family of children, the trial judge’s order could, of course, be modified. I find no unreasonable invasion of the authority of the Division of Family Services by the court’s order.